UNITED STATES v. JOHN A. STEER & CO.

JOHN A. STEER & CO. v. UNITED STATES

**No. 4718.**—Invoice dated Helsingfors, Finland, February 25, 1937.
Certified February 26, 1937.
Entered at Philadelphia, Pa., March 31, 1937.
Entry No. 9436.

Second Division, Appellate Term

(Decided January 31, 1940)

*Webster J. Oliver*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the United States.
*Barnes, Richardson & Colburn* (*Hadley S. King* of counsel) for the importers.

Before TILSON, KINCHELOE, and DALLINGER, Judges

KINCHELOE, Judge: This is an application for review of the decision rendered by a single Judge in Reap. Dec. 4567.

When the case came before the trial judge, it appeared as a collector's appeal to reappraisement. At the trial below, counsel for the importer moved to dismiss the case on the ground that the provisions of section 499 of the Tariff Act of 1930, with respect to the designation and examination of the imported merchandise for appraisement purposes, had not been complied with, which motion was denied by the lower court. On the merits, the court below found the appraised values, which were the importers' entered values, to be the proper dutiable values of the instant merchandise.

. As the case appears before us, it is a cross appeal; counsel for the importers having appealed from the ruling of the lower court denying said motion to dismiss, and the Government having appealed from the decision of the trial judge sustaining the appraised and entered values.

In denying the said motion to dismiss, the court below said:

There was a motion to dismiss by the importers' counsel on the technical ground that one package in ten had not been properly designated or examined. The evidence presents a confusing situation on this point and therefore makes the determination of the motion a matter of some difficulty. On the whole it is considered that the circumstances probably point to a legal examination and the motion to dismiss is denied.

The importation under consideration consists of 1,415 packages, to wit: reels and bales, of Kraft wrapping paper. It appears from the record before us that 11 of said packages were designated by the collector to be sent to the appraiser's stores for examination; and that 131 were directed by the collector to be examined at the wharf. In other words, it is established of record that 142 packages, or not less than 1 out of every 10 packages of the imported merchandise, were designated by the collector to be examined for appraisement purposes. The contention of counsel for importer that the designation of packages for examination at the wharf is not compliance with the provisions of said section 499 is without merit. *United States* v. *Daniel F. Young, Inc.* (*Minobu Trading Corp.*) *et al*, 27 C. C. P. A. 124, C. A. D. 73.

It is further disclosed by the record that 283 additional bales were designated for examination for the purpose of ascertaining whether the instant merchandise was legally marked within the provisions of section 304 of the Tariff Act of 1930. Such examination, however, cannot be regarded as a compliance with the provisions of said section 499, nor can it be substituted for the examination which is required under said section 499 for appraisement purposes. Whatever examination may have been made of said 283 bales in connection with the statutory requirements of said section 304 relating to the marking of imported merchandise has no bearing in determining the issue herein, which is limited to a consideration of whether there was a proper designation and examination of the instant merchandise *for appraisement purposes*. *McLaughlin & Freeman* v. *United States* (Reap. Dec. 4630).

In support of their motion to dismiss, counsel for the importers called as a witness at the trial below the United States customs examiner who passed the merchandise in question. Said witness testified that he examined the merchandise contained in the 11 packages that were sent to the appraiser's stores. Concerning the 131 packages that were designated to be examined at the wharf he testified as follows:

Q. As to the 131 packages that went to the wharf, did you see those?—A. Yes, sir.

Q. Did you examine them?—A. Yes, sir.

Q. What did your examination consist of?—

\*    \*    \*    \*    \*    \*    \*

THE WITNESS: At the time of this importation I was particularly interested in marking, so I paid special attention to that, and I was also interested in knowing whether the colors were right, and for that reason I sampled some of the various marks.

Q. Will you describe how those packages were packed or wrapped?—A. The reels are completely covered with wrapping paper, and the bales are packed in reams, with wood on the outside. Wood is the outside wrapper.

Q. So, as they arrive here, you can't, in the course of your examination, see the contents as they are taken off the ship?—A. I couldn't see the contents, no—without opening it.

Q. Did you open or did you have opened for your examination, all of those 131 on the pier?—A. I did not.

It has frequently been held that the provisions of said section 499 are mandatory; and that it is essential, as a condition precedent to a valid appraisement, that not less than 1 package of every 10 packages of imported merchandise shall be *opened and examined* for purposes of appraisement, unless the Secretary of the Treasury shall, by special regulation, permit a less number of packages to be examined. *United States* v. *Steffan*, 18 C. C. P. A. 455, T. D. 44702; *United States* v. *Davis*, 20 id. 305, T. D. 46087; *United States* v. *Gilson*, id. 117, T. D. 45753; *Tower* v. *United States*, 21 id. 417, T. D. 46943. In the present case, there is no showing that any special regulation had been issued

authorizing the examination of less than 1 out of 10 packages of merchandise of the character of that in question. On the contrary, the examiner, in the course of his testimony, stated that "I don't recall any such regulations." Neither have we been able to locate such a regulation after a careful research through the documents we are permitted to examine for such purpose.

On the basis of the testimony hereinabove set forth, we hold that the mandatory requirements of said section 499 were not complied with in the present case, and that therefore the appraisement of the instant merchandise was null and void. Accordingly the motion of counsel for the importer to dismiss the appeal to reappraisement before us is granted.

It is urged by counsel for the Government in his brief that if we hold said motion to dismiss to be good, it is our duty, nevertheless, to proceed and find a value for the instant merchandise. In answering the same contention raised in the *Young* case, *supra*, our appellate court said:

It is well settled that where it appears that an appraisement by a local appraiser is invalid and void, the trial court, on an appeal for reappraisement, and, in turn, the appellate division of the Customs Court, should so hold, and that, in such cases, neither of those courts has authority to find values. *United States* v. *V. M. Davis*, 20 C. C. P. A. (Customs) 305; T. D. 46087; *United States* v. *F. W. Woolworth Co., et al., supra; United States* v. *C. J. Tower & Sons*, 24 C. C. P. A. (Customs) 456; T. D. 48912.

The decision of the lower court is therefore reversed, and the cause is hereby remanded to the sitting judge with directions to dismiss the appeal to reappraisement on the ground that the appraisement was null and void *ab initio*. Judgment will be rendered accordingly.